**FILED**

**NOVEMBER 30, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **VALENTINAS BOHAREVICIUS,** | |
| **Plaintiff** | |
| **v.** | **CASE NO.** |
| **RUTH A. DOROCHOFF, Chicago District Director of the Citizenship and Immigration Services; MICHAEL CHERTOFF, Secretary of the U.S. Department of Homeland Security; and ROBERT S. MUELLER, III, Director of the Federal Bureau of Investigation,** | **07 C 6740**<br><br>**JUDGE GRADY**<br>**MAGISTRATE JUDGE VALDEZ** |
| **Defendants.** | |

**COMPLAINT FOR DECLARATORY RELIEF AND
FOR A WRIT IN THE NATURE OF MANDAMUS**

Plaintiff VALENTINAS BOHAREVICIUS, by and through his undersigned attorney, for his Complaint for Mandamus against Defendants, RUTH A. DOROCHOFF, District Director of the Chicago Office for the U.S. Citizenship and Immigration Services; MICHAEL CHERTOFF, Secretary of Homeland Security; and ROBERT S. MUELLER, III, Director of the Federal Bureau of Investigation, alleges as follows:

**Nature of the Case and Parties**

1.     This is a civil action to compel the Chicago District Director of the Office for Citizenship and Immigration Services to adjudicate an N-400 Application for Naturalization that has been pending since November 8, 2004 ("Application").  *See* **Exhibit A-1**.

2.      Plaintiff VALENTINAS BOHAREVICIUS ("Mr. Boharevicius") was born in Lithuania on April 3, 1952.  Mr. Boharevicius has been a legal permanent resident of the United States since January 13, 2000.  *See* **Exhibit A-2**.  His alien registration number is A 47 141 681. Mr. Boharevicius currently resides at 7939 Chesterton Court in Woodridge, Illinois.

3.      Defendants are the District Director of the Chicago Office for Citizenship and Immigration Services (the "Service"), the Secretary of the Department of Homeland Security ("DHS"), and the Director of the Federal Bureau of Investigation ("FBI").  They are sued in their official capacity.

## Jurisdiction and Venue

4.      This Court has jurisdiction over this matter pursuant to 8 U.S.C. § 1447(b), 28 U.S.C. § 1331, 28 U.S.C. § 1361, 8 U.S.C. §§ 1443-1448, and 5 U.S.C. §§ 701-706.

5.      This Court has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. § 2201, 28 U.S.C. § 2202, and Federal Rules of Civil Procedure 57 and 65.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(e) because the events and omissions giving rise to this matter occurred in this District and because Mr. Boharevicius resides in this District.

## Statement of the Case

7.      Mr. Boharevicius became a legal permanent resident of the United States on January 13, 2000.

8.      On November 8, 2004, Mr. Boharevicius filed a Form N-400 Application for Naturalization with the Service.  *See* **Exhibit A-1**.

9.      Mr. Boharevicius had his initial interview and examination for his application on February 24, 2005.  *See* **Exhibit A-3**.  Mr. Boharevicius passed his language and civics exams, but the Service issued a Form N-652 Naturalization Interview Results indicating that a decision could not be made because of undisclosed reasons.  *See* **Exhibit A-3**.

10.     Since September 2005, Mr. Boharevicius has repeatedly filed inquiries to determine the status of his application and to request that the Service schedule him for his oath of naturalization.  *See* **Exhibits B – D**.  After waiting seven months from the date of the interview, Mr. Boharevicius filed his first inquiry, without the assistance of counsel, on September 23, 2005 to schedule his oath ceremony for naturalization.  *See* **Exhibit B-1**.  Following the inquiry, the Service did not adjudicate Mr. Boharevicius' application or schedule his oath ceremony.  Mr. Boharevicius filed a second inquiry, again without the assistance of counsel, on November 28, 2005.  *See* **Exhibit B-2**.  Again, the Service failed to adjudicate the Application or schedule Boharevicius' oath ceremony.

11.     After waiting over one year from the date of his interview, Mr. Boharevicius requested the assistance of the Office of U.S. Representative Judy Biggert in March 2006.  *See* **Exhibit C-1**.  Representative Biggert's office filed an inquiry electronically on behalf of Mr. Boharevicius with the Congressional Legislative Affairs Office on March 16, 2006.  The FBI responded the following month, indicating that Mr. Boharevicius' application is pending name checks.  As the correspondence indicates, at that point Mr. Boharevicius' security check had been pending nearly one and one-half years without resolution.

12.     In around October 2006, nearly two years after filing his application, Mr. Boharevicius contacted the Office of U.S. Senator Barack Obama to assist in getting the Service

to issue a decision.  Senator Obama's office filed an inquiry, and the Service responded by indicating that the background investigation was still not completed.  *See* **Exhibit C-2**.

13.     Thirty-one months from the date he filed the Application, and twenty-eight months since his initial interview and examination, Mr. Boharevicius sought the assistance of the undersigned counsel in June 2007 to request that the Service schedule his oath of naturalization, or at the very least, to have the Service adjudicate the Application.  On June 28, 2007, Mr. Boharevicius' attorneys filed their first inquiry with the Chicago District Office for the Service. *See* **Exhibit D-1**.  The Service never issued a response to the inquiry.  Mr. Boharevicius' attorneys filed a second inquiry two months later in August 2007.  Again, the Service failed to issue a response to the inquiry.  *See* **Exhibit D-2**.

14.      A total of at least six inquiries from four sources, including representatives, attorneys, and Mr. Boharevicius himself, have been filed regarding the status of the Application. As the above shows, Mr. Boharevicius has maintained regular contact with Defendants to reach a decision on his Application.  To Mr. Boharevicius' knowledge, he is not responsible for the delay in the adjudication of his application, and the Service has not indicated that he is responsible for the Service's failure to make a decision.

15.     On information and belief, the normal period prescribed by Defendants for adjudicating an application for naturalization is seven months.  *See* **Exhibit E**.  To date, thirty-six months have passed since Mr. Boharevicius filed his Application for Naturalization, and thirty-three months have passed since his interview and examination.  As of the date of this filing, the Service has not adjudicated Mr. Boharevicius' application, informed him of a decision on the Application, or scheduled his oath ceremony for naturalization.

**Claim for Relief**

16.     Defendants have violated and continue to violate 8 U.S.C. § 1447(b), 8 U.S.C. §

1448(d), and 8 CFR § 335.3, and 8 CFR § 337.2.   Defendants have failed to make a

determination on the Application at the time of the interview and examination for naturalization

or within 120 days after the interview and examination were conducted, as required by 8 U.S.C.

§ 1447 and 8 CFR § 335.3.  Defendants have failed to notify Plaintiff that the Application has

been granted or denied and, if granted, of the procedures to be followed for the administration of

the oath of allegiance that is required for admission to citizenship, as required by 8 CFR § 335.3.

Defendants have failed to conduct ceremonies to administer the oath of naturalization at regular

intervals as frequently as necessary to ensure timely naturalization, but in all events at least once

monthly where it is required to minimize unreasonable delays as required by 8 U.S.C § 1448(d)

and 8 CFR § 337.2(a).

17.     Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 *et seq.*,

(a) in that they have unlawfully withheld or unreasonably delayed agency action to which

Plaintiff is entitled and (b) in that they have taken action that is arbitrary and capricious, an abuse

of discretion and not in accordance with the law.  Defendants have failed to make a

determination on the Application at the time of the interview and examination for naturalization

or within 120 days after the interview and examination, as required by 8 U.S.C. § 1447 and 8

CFR § 335.3.  Defendants have failed to notify Plaintiff that the Application has been granted or

denied and, if granted, of the procedures to be followed for the administration of the oath of

allegiance that is required for admission to citizenship, as required by 8 CFR § 335.3.

Defendants have failed to conduct ceremonies to administer the oath of naturalization at regular

intervals as frequently as necessary to ensure timely naturalization, but in all events at least once

monthly where it is required to minimize unreasonable delays as required by 8 U.S.C § 1448(d) and 8 CFR § 337.2(a).

18.    Defendants willfully and unreasonably have delayed in, and have refused to adjudicate Plaintiffs' Applications, thereby, depriving Plaintiff of rights under 5 U.S.C. § 555(b) to the adjudication of his Application in a reasonable time.

19.    Plaintiff has exhausted any administrative remedies that may exist, and has not caused or contributed to the Service's delay in adjudicating the Application.

### Prayer for Relief

**WHEREFORE** Plaintiff prays that this Court:

A.  Accept jurisdiction and maintain continuing jurisdiction of this Action.

B.  Declare as unlawful the violation by Defendants and their agents of 8 U.S.C. §§ 1447(b) and 1448(d) and 8 CFR §§ 335.3 and 337.2(a) in failing to make a determination on Plaintiff's naturalization application at the time of the interview and examination or within 120 days after the interview and examination were conducted; failing to notify Plaintiff that the Application has been granted or denied and, if granted, of the procedures to be followed for the administration of the oath of allegiance that is required for admission to citizenship; and failing to conduct ceremonies to administer the oath of naturalization at regular intervals as frequently as necessary to ensure timely naturalization, but in all events at least once monthly where it is required to minimize unreasonable delays.

C.  Declare as agency action unlawfully withheld and unreasonably delayed, pursuant to 5 U.S.C. § 706(1), the violation by the Defendants and their agents, of 5 U.S.C. § 706(1), 8 U.S.C.

§§ 1447(b) and 1448(d) and 8 CFR §§ 335.3 and 337.2(a) in failing to make a determination on Plaintiff's naturalization application at the time of the interview and examination or within 120 days after the interview and examination were conducted; failing to notify Plaintiff that the Application has been granted or denied and, if granted, of the procedures to be followed for the administration of the oath of allegiance that is required for admission to citizenship; and failing to conduct ceremonies to administer the oath of naturalization at regular intervals as frequently as necessary to ensure timely naturalization, but in all events at least once monthly where it is required to minimize unreasonable delays.

D.  Declare as agency action that is arbitrary and capricious, an abuse of discretion, and not in accordance with law, pursuant to 5 U.S.C. § 706(1), the violation by the Defendants and their agents, of 5 U.S.C. § 706(1), 8 U.S.C. §§ 1447(b) and 1448(d) and 8 CFR §§ 335.3 and 337.2(a) in failing to make a determination on Plaintiff's naturalization application at the time of the interview and examination or within 120 days after the interview and examination were conducted; failing to notify Plaintiff that the Application has been granted or denied and, if granted, of the procedures to be followed for the administration of the oath of allegiance that is required for admission to citizenship; and failing to conduct ceremonies to administer the oath of naturalization at regular intervals as frequently as necessary to ensure timely naturalization, but in all events at least once monthly where it is required to minimize unreasonable delays.

E.  Issue a writ in the nature of mandamus, pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1), compelling Defendants and their agents to make a determination of Plaintiff's naturalization application within thirty (30) days, to notify Plaintiff that the Application has been granted or denied, and if granted, of the procedures to be followed for the administration of the

oath of allegiance, and to conduct ceremonies to administer the oath of naturalization within

twenty (20) days of notifying Plaintiff the Application has been granted.

    F.  Grant such other and further relief as this Court deems proper under the circumstances.

Dated:   November 28, 2007       s/ Robert C. Milla
                                        Robert C. Milla

                                        KEMPSTER, KELLER & LENZ-CALVO, LTD.
                                        332 S. Michigan Avenue, Suite 1428
                                        Chicago, IL 60604
                                        No. 26650
                                        (312) 341-9730
                                        Attorneys for Plaintiff

**VALENTINAS BOHAREVICIUS**


## EXHIBITS:


**Exhibits A-1 – A-3**   Copy of Form I-797C Receipt Notice of Action for Request for Applicant to Appear for Naturalization, reflecting that the Service received the Application on November 8, 2004.  Copy of Mr. Boharevicius' Permanent Resident Card.  Copy of Form N-652 Naturalization Interview Results for Mr. Boharevicius' interview conducted on February 24, 2005, indicating that despite passing the civics and English exams, his case could not be decided for an undisclosed reason.

**Exhibits B-1 – B-2**   Copies of inquiries Mr. Boharevicius filed regarding his application in September and November 2005.

**Exhibits C-1 – C-2**   Copies of correspondence and inquiries between the Office of U.S. Representative Judy Biggert and Defendants, and the Office of U.S. Senator Barack Obama and Defendants, regarding Mr. Boharevicius' application.

**Exhibits D-1 – D-2**   Copies of inquiries filed by Mr. Boharevicius' attorneys in June and August 2007, regarding Mr. Boharevicius' application.

**Exhibit E**   Copy of most recent posting of Chicago Processing Dates from U.S. Citizenship and Immigration Services, dated November 14, 2007, indicating that the processing time for Form N-400 Applications for Naturalization is seven months.